1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

REZA DANESHFAR,

                    Petitioner,

          v.

MERRICK GARLAND,

                    Respondent.

11
12
13
14

CASE NO. 2:25-cv-01708-DGE-DWC

ORDER DECLINING SERVICE AND
DIRECTING PETITIONER TO
AMEND

15    This 28 U.S.C. § 2241 federal habeas action has been referred to United States Magistrate

16 Judge David W. Christel. Bahareh Daneshfar, acting on behalf of her brother Petitioner Reza

17 Daneshfar, initiated this action challenging Petitioner's detention by the U.S. Immigration and

18 Customs Enforcement ("ICE"). Dkt. 3. The filing fee has been paid. *See docket.*

19    Upon review, the Court finds the petition deficient and declines to direct service upon

20 Respondent. If Petitioner intends to proceed in this action, he—or an appropriate individual

21 acting on his behalf—must file an amended petition on or before October 22, 2025, correcting

22 the deficiencies identified below.

23
24

ORDER DECLINING SERVICE AND DIRECTING
PETITIONER TO AMEND - 1

1

## I.    SCREENING STANDARD

2
    Under Rule 4 of the Rules Governing § 2254 cases ("Habeas Rules"),[1] the Court is

3
required to perform a preliminary review of a habeas petition. The Rule directs the Court to

4
dismiss a habeas petition before the respondent is ordered to file a response, if it "plainly appears

5
from the petition and any attached exhibits that the petitioner is not entitled to relief in the

6
district court." Dismissal under Rule 4 "is required on procedural grounds, such as failure to

7
exhaust or untimeliness, or on substantive grounds where the claims are 'vague,' 'conclusory,'

8
'palpably' incredible,' or 'patently frivolous or false.'" *Neiss v. Bludworth*, 114 F.4th 1038 (9th

9
Cir. 2024) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977)).

10
    A petition must also comply with the other Habeas Rules. Under Rule 2(a) of the Habeas

11
Rules, "the petition must name as respondent the state officer who has custody." Further, the

12
petition must:

13
        (1) specify all the grounds for relief available to the petitioner; (2) state the facts
        supporting each ground; (3) state the relief requested; (4) be printed, typewritten,

14
        or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner
        or person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

15

16
*Id.* at Rule 2(c). The petition must "substantially follow" a form prescribed by the local district

17
court or the form attached to the Habeas Rules. *Id.* at Rule 2(d).

18

## II.    DISCUSSION

19
    Having screened the petition, the Court finds three deficiencies that must be cured before

20
Petitioner may proceed in this action.

21
    First, Petitioner does not use this Court's standard form for petitions filed pursuant to 28

22
U.S.C. § 2241. Because his petition is not presented on the correct form, it lacks important

23

24
    [1] The Habeas Rules are applicable to § 2241 petitions under Rule 1(b), which states "[t]he district court
may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

details necessary for the Court to properly screen the petition as required by Rule 4 of the Habeas Rules.

Second, Petitioner has not included the proper respondent in his petition. The proper respondent for § 2241 petitions is "the person who has custody over [the petitioner]," not simply the agency employing that individual. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242, 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (reversing grant of federal habeas relief where the immigration detainee's direct custodian was not named as a respondent). As Petitioner is currently detained at the Northwest ICE Processing Center ("NWIPC"), the proper respondent for this action is the individual in charge of that facility. In any amended petition, Petitioner must include his direct custodian—the Facility Administrator of the NWIPC—as respondent.

Third, as noted above, the petition was filed not by Petitioner but by his sister, Bahareh Daneshfar, acting on his behalf. The federal habeas statute provides that the "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242; *see also* Fed. R. Civ. P. 17.

Federal courts recognize that under appropriate circumstances, habeas petitions can be brought by third parties, such as family members or agents, on behalf of a prisoner—which is known as next-friend standing. *Whitmore v. Arkansas*, 495 U.S. 149, 161–64 (1990). The prerequisites for "next friend" standing in habeas proceedings are: (1) the "next friend" must provide an adequate explanation as to why the real party in interest cannot appear on their own behalf to prosecute the action, such as inaccessibility, mental incompetence, or other disability of the petitioner; and (2) the "next friend" must demonstrate they are dedicated to the best interests of the petitioner. *See id.*

1    Petitioner's sister has not provided an adequate explanation for why she is proceeding on

2    his behalf. *See* Dkt. 3. For example, Ms. Daneshfar represents that her brother is in immigration

3    detention and that she and her family are concerned about his emotional well-being. *Id.* at 5.

4    These circumstances, however, do not demonstrate that Petitioner is unable to litigate this case

5    on his own behalf. Therefore, in order to litigate this action on behalf of her brother, Ms.

6    Danshefar must make a more detailed showing establishing that she meets the prerequisites for

7    "next friend" standing.

8    ### III.    INSTRUCTIONS TO PETITIONER

9    For the reasons set forth above, the Court declines to direct service of the petition in

10    accordance with Rule 4 of the Habeas Rules. Instead, if he intends to proceed in this action,

11    Petitioner—or an appropriate person acting on his behalf—must file an amended petition not

12    later than October 22, 2025. The amended petition must be prepared on the correct form, it must

13    name the proper respondent, and—if filed by an individual acting on Petitioner's behalf—it must

14    be accompanied by an affidavit, declaration, or other document establishing the prerequisites for

15    "next friend" standing. Failure to respond to this order or adequately address the issues addressed

16    herein by the stated deadline will result in a recommendation this action be dismissed.

17    The Clerk of Court is directed to send Petitioner a copy of the standard form for § 2241

18    petitions along with a copy of this order.

19    Dated this 22nd day of September, 2025.

20

21    _____

22    David W. Christel
      United States Magistrate Judge

23

24