UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| REZA DANESHFAR,<br><br>                Petitioner,<br><br>    v.<br><br>FACILITY ADMINISTRATOR, *et al.*,<br><br>                Respondents. | Case No. C25-1708-DGE-MLP<br><br>ORDER, § 2241 SERVICE |

Petitioner has filed an immigration habeas petition under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and consider the individual circumstances of each case when determining appropriate deadlines. *See Clutchette v. Rushen*, 770 F.2d 1469, 1474-75 (9th Cir. 1985). The Court, having reviewed the petition, ORDERS as follows:

(1) Petitioner has named as respondent the Facility Administrator for the Northwest ICE Processing Center in Tacoma, Washington ("NWIPC"). (Dkt. # 6 at 1.) The proper respondent for § 2241 petitions, however, is "the person who has custody over [the petitioner]"; *i.e.*, "the warden of the facility where the prisoner is being held[.]" *Rumsfeld v. Padilla*, 542 U.S.

ORDER, § 2241 SERVICE - 1

426, 434 (2004) (first alteration in original) (quoting 28 U.S.C. § 2242); *see also Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024) (vacating grant of federal habeas relief where immigration detainee's direct custodian was not named as respondent). Petitioner indicates he is currently detained at the NWIPC, so the proper respondent for this action is the individual in charge of that facility. Accordingly, the Clerk is directed to add Bruce Scott, Warden of NWIPC, as a respondent in this action.

(2) If not previously accomplished, electronic posting of this Order and Petitioner's § 2241 habeas petition shall effect service upon the United States Attorney of the petition and all supporting documents. Service upon the United States Attorney is deemed to be service upon the named Respondent(s).

(3) On or before **November 24, 2025**, Respondent(s) shall show cause why a writ of habeas corpus should not be granted by filing a return as provided in 28 U.S.C. § 2243. As a part of such return, Respondent(s) shall address and submit evidence relevant to Petitioner's allegation that his detention is unlawful. Respondent(s) shall file the return with the Clerk of the Court and shall serve a copy upon Petitioner.

(4) Petitioner may file and serve a response no later than **December 8, 2025**. Respondents may file and serve a reply no later than **December 11, 2025**, and the Clerk shall note the matter as ready for the Court's consideration on **December 11, 2025**.

(5) The parties have a right to consent to have the case heard by the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than **December 8, 2025**, by emailing Deputy Tim Farrell at tim_farrell@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If the parties decline, the case will

ORDER, § 2241 SERVICE - 2

remain assigned to the Honorable David G. Estudillo and referred to the undersigned Magistrate Judge.

(6) The Clerk is directed to add Bruce Scott, Warden of NWIPC, as a respondent in this action, and to send copies of this Order to the parties and to the Honorable David G. Estudillo.

Dated this <u>13th</u> day of November, 2025.

MICHELLE L. PETERSON
United States Magistrate Judge

ORDER, § 2241 SERVICE - 3