UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| REZA DANESHFAR,<br><br>Petitioner,<br>v.<br><br>FACILITY ADMINISTRATOR et al.,<br><br>Respondents. | CASE NO. 2:25-cv-01708-DGE-MLP<br><br>ORDER ADOPTING REPORT & RECOMMENDATION (DKT. NO. 16) |

The Court, having reviewed de novo the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, and the remaining record, and there being no objections, ADOPTS the R&R and clarifies that Respondents may not remove Petitioner to any third country unless they first provide Petitioner with constitutionally and statutorily compliant notice and a meaningful opportunity to respond and contest such removal in reopened removal proceedings.

The R&R identifies that Petitioner makes a credible challenge to third party removal and notes, "[d]ue process requires advance notice of the proposed country of removal and a

meaningful opportunity to challenge that decision in a full adversarial hearing before an IJ." (Dkt. No. 16 at 5.)  Here, the Court clarifies Petitioner may not be removed to any third country without reopening removal proceedings and providing Petitioner a meaningful opportunity to be heard in the reopened removal proceedings before an immigration judge.  "[A] noncitizen must be given sufficient notice of a country of deportation that, given his capacities and circumstances, he would have a reasonable opportunity to raise and pursue his claim for withholding of deportation." *Aden v. Nielsen*, 409 F. Supp. 3d 998, 1009–1011 (W.D. Wash. 2019) (finding a hearing before an immigration judge and not merely the opportunity to file a motion is required); *see also Nguyen v. Scott*, 796 F. Supp. 3d 703, 727 (W.D. Wash. 2025).

Accordingly, the Court hereby ORDERS that:

(1)  The R&R (Dkt. No. 16) is ADOPTED;

(2)  Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 6) is GRANTED;

(3)  Respondents and all their officers, agents, attorneys, and persons acting on their behalf or in concert with them shall immediately release Petitioner from custody under appropriate conditions of supervision issued under 8 C.F.R. § 241.13(h)(1)–(3);[1]

(4)  Petitioner shall not be re-detained without notice and an opportunity to be heard unless Respondents have evidence detention is authorized under 8 C.F.R. § 241.13(i)(1);[2]

(5)  Respondents are ENJOINED from removing Petitioner to any third country unless they first provide Petitioner with constitutionally and statutorily compliant notice and a meaningful opportunity to respond and contest such removal in reopened removal proceedings;

---

[1] 8 C.F.R. § 241.13 identifies the procedure for releasing noncitizens where there is not a likelihood of removal in the reasonably foreseeable future.  Subsection (h)(4) is not included here because the Immigration Court granted withholding of removal and this Court has ordered that removal proceedings be reopened if Respondents intend to remove Plaintiff to a third country.

[2] Subsection (i)(2) is not included here because the Immigration Court granted withholding of removal and this Court has ordered that removal proceedings be reopened if Respondents intend to remove Petitioner to a third country.

(6) Within **TWENTY-FOUR (24)** hours of this Order, Respondents must provide the Court with a declaration confirming Petitioner has been released from custody;

(7) The Clerk is directed to send copies of this Order to the parties and to the Honorable Michelle L. Peterson; AND

(8) The Clerk is directed to enter judgment and close this case

Dated this 9th day of January, 2026.

David G. Estudillo
United States District Judge